UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Progressive Michigan Insurance,

      Plaintiff,

v.                          Case No. 14-12011

Hudson Insurance Company,       Sean F. Cox
                                  United States District Court Judge

      Defendant.

_____/

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION TO AMEND WITHOUT PREJUDICE
## AND ORDERING PARTIES TO APPEAR FOR SCHEDULING CONFERENCE

This insurance action is before the Court on Plaintiff's motion seeking leave to file a Second Amended Complaint. In its Reply Brief, Plaintiff now asserts that there is yet another insurer involved and that a "revised amended complaint will have to be submitted." (Docket Entry No. 30 at 1). Because Plaintiff has not provided such a revised amended complaint to the Court, both the Court and opposing counsel have been unable to review it. Accordingly, the Court finds that oral argument would not aid the decisional process and orders that the motion will be decided on the briefs. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. As explained below, the Court shall deny Plaintiff's motion seeking leave to file a Second Amended Complaint without prejudice and cautions Plaintiff's Counsel that the Court may impose sanctions in the future, pursuant to 28 U.S.C. § 1927, if Plaintiff's Counsel continues to file motions and/or briefs without complying with the applicable local rules.

**BACKGROUND**

Plaintiff Progressive Michigan Insurance, subrogee and successor in interest of Plaintiff's Insured, Haidar Alzaidi ("Plaintiff" or "Progressive") filed this action against Defendant Hudson Insurance Agency, Inc. and Hudson Insurance Company in state court. Defendant Hudson Insurance Agency, Inc. has since been dismissed from this action.

Plaintiff's First Amended Complaint alleges that it "is the subrogee and successor-in-interest of an insured party," Haidar Alzaidi, pursuant to a contract of insurance and release." (First Am. Compl. at ¶ 2). In its general allegations section, the First Amended Complaint alleges that Plaintiff issued a policy of insurance covering Alzaidi. (*Id.* at ¶ 6). It alleges that Plaintiff Progressive's insured, Alzaidi is an owner-operator truck driver doing contract work for nonparty Roadone. (*Id.* at ¶ 12). Roadone owned the trailer being pulled by Alzaidi. (*Id.* at ¶ 13). On January 26, 2010, Alzaidi was backing his tractor-trailer into a loading dock area owned and operated by Roadone and another non-party, RTS. (*Id.* at ¶ 14). The parking lot was icy. (*Id.* at ¶ 15). While attempting to back the tractor-trailer into the loading dock area, Alzaidi backed the tractor and trailer into a large container, which caused significant personal medical injuries to Alzaidi. (*Id.* at ¶ 16). Plaintiff alleges that Defendant Hudson Insurance Company (hereinafter "Hudson") is the insurance carrier to non-parties Roadone and RTS. (*Id.* at ¶ 17). After Alzaidi submitted an insurance claim to Plaintiff, Plaintiff paid out $117,259.29 for personal injury protection benefits to Alzaidi for injuries he sustained in the accident. (*Id.* at ¶¶ 18 & 19). Plaintiff's First Amended Complaint then alleges:

> 21.   Pursuant to the Michigan Recoupment statute MCL 500.3115, [Plaintiff] submitted its claim for recoupment to Defendant HUDSON.

22.    Defendant HUDSON, through its non party claim services [ ] denied [Plaintiff's claim for recoupment.  See attached EXHIBIT A.

23.    Pursuant to the Michigan Recoupment statute MCL 500.3115, *Defendant HUDSON was the priority insurance carrier in this accident for medical coverage, not Plaintiff.*

24.    Pursuant to the Michigan Recoupment statute MCL § 500.3115, an insurer paying personal protection insurance benefits is entitled to partial recoupment from the other insurers, together with a reasonable amount of partial recoupment of the expenses of processing the claim, in order to accomplish equitable distribution of the loss among such insurers.

25.    Defendant HUDSON is liable in priority under the Michigan insurance recoupment statute to pay its share of the medical claim suffered by Plaintiff and Plaintiff's insured.

26.    Plaintiff [ ] states that there is presently due and owing to it from Defendant pursuant to its right of subrogation, the amount of $117,259.29.

27.    Plaintiff [ ] states that there is presently due and owing to it from the Defendant pursuant to its right of recoupment under MCL 500.3115, the amount of $117,259.29.

WHEREFORE, Plaintiff requests that this Honorable Court enter a Judgment in favor of Plaintiff PROGRESSIVE and against Defendant in the amount of $117,259.29, plus costs, interest, and attorney fees.

(First Am. Compl. at 5-6) (emphasis added).

On May 20, 2014, Defendant Hudson removed the action to this Court, based on diversity jurisdiction.

On September 3, 2014, Plaintiff filed a Motion to Amend Complaint (Docket Entry No. 16), wherein Plaintiff stated that "Old Republic General Insurance and Old Republic Insurance

3

have been identified through the discovery process as additional liable parties in this matter" and

requesting "that it be allowed to amend its Complaint to add new Defendants, Old Republic

General Insurance and Old Republic Insurance." (Docket Entry No. 16 at 2). Plaintiff's motion

did not state that Plaintiff wished to amend any of the allegations against Defendant Hudson.

This Court issued an order requiring any party who opposes the Motion to Amend to file a brief

no later than October 16, 2014. Defendant Hudson did not filed any opposition to the motion.

At that time, however, Plaintiff had not yet filed its proposed Second Amended

Complaint as an exhibit to its Motion to Amend.   This Court therefore issued an order that

stated as follows:

> Plaintiff filed a motion seeking leave to file an Amended Complaint on September
> 3, 2014. (Docket Entry No. 16). Plaintiff did not, however, comply with Local
> Rule 15.1 when it filed that motion. Local Rule 15.1 provides, in pertinent part,
> that a "party who moves to amend a pleading shall attach the proposed amended
> pleading to the motion." Plaintiff did not attach its proposed Second Amended
> Complaint with its September 3, 2014 Motion.
>
> The Court hereby ORDERS Plaintiff to file, as an Exhibit in support of its
> September 3, 2014 Motion to Amend, a copy of its proposed Second Amended
> Complaint. Plaintiff is ORDERED to do so no later than **October 28, 2014.**
>
> IT IS SO ORDERED.

(Docket Entry No. 23).

On October 22, 2014, rather than file Plaintiff's proposed Second Amended Complaint as

an exhibit to its motion, as this Court had instructed in the October 21, 2014 Order, Plaintiff filed

the Second Amended Complaint as an amended complaint. This Court struck that filing in a

docket entry made on October 22, 2014. On October 23, 2014, after further instruction from this

Court's Docket Manager, Plaintiff's Counsel filed the proposed Second Amended Complaint as

an exhibit to Plaintiff's Motion to Amend.

4

Notably, although Plaintiff had represented that its proposed Second Amended Complaint would merely add additional parties, it also fundamentally changes the nature of the allegations as to Defendant Hudson. (Compare ¶ 23 of First Am. Compl. with ¶ 27 in proposed Second Amended Compl.).

As a result, following the November 6, 2014 hearing on Plaintiff's Motion to Amend, this Court issued an Opinion & Order (Docket Entry No. 28) wherein it explained that "[g]iven that Plaintiff's proposed Second Amended Complaint changes the allegations as to Defendant Hudson, the Court shall give Defendant Hudson an opportunity to respond to the motion before the Court rules on the motion." (*Id*. at 8). This Court "ORDERED that, if Defendant Hudson opposes Plaintiff's Motion seeking to file its proposed Second Amended Complaint, it shall file" a brief in opposition to the motion. (*Id*. at 8).

Thereafter, Defendant Hudson filed a brief on December 1, 2014, opposing Plaintiff's motion seeking to file a Second Amended Complaint as futile.

On December 8, 2014, Counsel for Plaintiff filed a Reply Brief (Docket Entry No. 30) in support of its Motion to Amend. Notably, however, Plaintiff's Reply Brief states that "[i]nvestigation has revealed that ACE-American Insurance Company was the insurer of Roadlink at the time of the loss, not Old Republic. A revised amended complaint will have to be submitted." (*Id*. at 1). Plaintiff has not, however, submitted a revised amended complaint.

Thus, Plaintiff's Counsel has once again violated Local Rule 15.1 by asking this Court to allow it to file an amended complaint without having filed a copy of the actual proposed amended complaint as an exhibit to the motion and/or brief.

Accordingly, **IT IS ORDERED** that Plaintiff's "Motion to Amend Complaint" (Docket

5

Entry No. 16) is **DENIED WITHOUT PREJUDICE.  The Court further cautions Plaintiff's Counsel that this Court may impose sanctions in the future, pursuant to 28 U.S.C. § 1927, if Plaintiff's Counsel continues to file motions or briefs without complying with the applicable local rules.**

　　　　**IT IS FURTHER ORDERED** that the parties shall appear for a Scheduling Conference on **December 16, 2014 AT 4:00 p.m.**

　　　　**IT IS SO ORDERED**.

　　　　　　　　　　　　　　S/Sean F. Cox
　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　United States District Judge

Dated:  December 10, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 10, 2014, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　S/Jennifer McCoy
　　　　　　　　　　　　　　Case Manager

6